PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WALKER | ) | |
| (#A493257), | ) | CASE NO. 5:17CV2361 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CHARLOTTE OWENS,[1] Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Petitioner Steven Walker filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 1) alleging one (1) ground for relief which challenges the

constitutional sufficiency of his convictions in Stark County, Ohio Court of Common Pleas Case

No. 2005CR1118. Petitioner was sentenced to an aggregate prison term of 18 years to life on

---

[1] According to the Ohio Department of Rehabilitation & Correction website
(https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A493257) (last visited
February 27, 2020)), Petitioner is now confined at the Toledo Correctional Institution.
The Warden of that institution, Charlotte Owens, has been substituted for Tom
Schweitzer, Warden.
        Petitioner has failed to provide the court with his current address. It is the party,
not the court, who bears the burden of apprising the court of any changes to his mailing
address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v.
Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's
denial of Rule 60(b) motion when movants claimed due to house fire they did not receive
mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412
F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal
courts is responsible for maintaining communication with the court during the pendency
of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April
20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide
district court with "current address necessary to enable communication with him").

one count of murder with a gun specification and one (1) count of carrying a concealed weapon. The case was referred to Magistrate Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On February 7, 2020, the magistrate judge issued a Report and Recommendation (ECF No. 14). In his Report, the magistrate judge recommends that the Court deny the habeas petition because the sole claim was procedurally defaulted, ECF No. 14 at PageID #: 790-802, and raises only issues that are noncognizable in a federal habeas case, ECF No. 14 at PageID #: 802-11. Assuming *arguendo* the Court could evaluate Petitioner's claim on the merits, the magistrate judge finds that review would result in the conclusion that the claim would fail for lack of merit. ECF No. 14 at PageID #: 811-13.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on February 24, 2020.[2] Neither party has timely filed objections. Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

---

[2] Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).

(5:17CV2361)

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Steven Walker's Petition for a Writ of Habeas Corpus will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order to Steven Walker, #A493257, Toledo Correctional Institution, P.O. Box 80033, Toledo, Ohio 43608.


IT IS SO ORDERED.


  February 28, 2020                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge